Brinn v. Syosset Public Library et al                                                                                           Doc. 1

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSHUA BRINN,                            :

                         Plaintiff       :

            -against-                    :      COMPLAINT

SYOSSET PUBLIC LIBRARY, MORRIS DUFFY     :
ALONSO & FALEY, UTICA NATIONAL
INSURANCE COMPANY, JUDITH LOCKMAN,       :
Director of the SYOSSET PUBLIC LIBRARY
in her individual and professional       :    CV 09  1151
capacities, ROBERT GLICK, Trustee of
the SYOSSET PUBLIC LIBRARY in his        :
individual and professional capacities,

                         Defendants.     :
----------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 19 2009 ★
LONG ISLAND OFFICE

PLATT, J.

WALL, M.J.

### JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. Section 1983 for a violation of plaintiff's constitutional rights.

2. This Court has jurisdiction under 28 U.S.C. Sec. 1331, 1343(3) and the Fourteenth Amendment to the United States Constitution. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. Section 1367.

3. Venue is proper in the Eastern District of New York according to 28 U.S.C. 1391 because the defendant municipal organization is located there, plaintiff resides there, and the events occurred there.

### THE PARTIES

4. At all relevant times herein, plaintiff is a white male, residing in Plainview, New York, in the County of Nassau and the Eastern District of New York.

5. Defendant SYOSSET PUBLIC LIBRARY is a municipal corporation and/or special district organized under the laws of the State of New York.

6. Defendant MORRIS DUFFY ALONSO & FALEY is a law firm located in New York, NY.

7. Defendant UTICA NATIONAL INSURANCE COMPANY is an insurance company located in Utica, New York.

Dockets.Justia.com

8. Defendant JUDITH LOCKMAN is a policymaker for the SYOSSET PUBLIC LIBRARY and is being sued in her individual and professional capacities based upon her conduct which demonstrated an intentional, reckless, or callous indifference to plaintiff's constitutional rights.

9. Defendant ROBERT GLICK is a policymaker for the SYOSSET PUBLIC LIBRARY and is being sued in his individual and professional capacities based upon his conduct which demonstrated an intentional, reckless, or callous indifference to plaintiff's constitutional rights.

10. At all times herein, defendant SYOSSET PUBLIC LIBRARY was acting under color of law and defendants MORRIS DUFFY ALONSO & FALEY and UTICA NATIONAL INSURANCE COMPANY were acting under color of law by participating and/or conspiring in joint activity with the SYOSSET PUBLIC LIBRARY and its agents.

11. At all times herein, defendants are jointly and severally liable under 42 U.S.C. Section 1983 due to the fact that the Director of the SYOSSET PUBLIC LIBRARY, Judith Lockman, and a Trustee of the SYOSSET PUBLIC LIBRARY, Robert Glick, acted as policymakers, and had authority to set policy for the Library, in coercing defendants UTICA NATIONAL INSURANCE COMPANY and MORRIS DUFFY ALONSO & FALEY to terminate plaintiff.

12. At all times herein defendants are jointly and severally liable under 42 U.S.C. Section 1983 due to the fact that the all defendants acted maliciously, or displayed a reckless or deliberate indifference, to the exercise of plaintiff's constitutional rights and/or acquiesced, ratified, or condoned the malice or reckless indifference displayed by the other defendants.

## ADMINISTRATIVE PREREQUISITES

13. On or about January 9, 2008, plaintiff filed a Notice of Claim ("First Notice of Claim") pursuant to Section 50 of the General Municipal Law with the SYOSSET PUBLIC LIBARY.

14. In this First Notice of Claim, plaintiff raised consitutional issues and matters of public concern regarding his suspension from the defendant SYOSSET PUBLIC LIBARY.

15. In this First Notice of Claim, plaintiff spoke out on matters of public concern.

16. On or about July 14, 2008, plaintiff filed a second Notice of Claim ("Second Notice of Claim") with the SYOSSET PUBLIC LIBARY.

17. This action is being filed within 1 year and 90 days of the occurrence of the events set forth in the Notices of Claim.

## COUNT I

18. Plaintiff repeats, realleges, and incorporates, as though fully set forth herein, all factual allegations previously set forth.

19. Plaintiff began work with defendant MORRIS DUFFY ALONSO & FALEY as an Associate Attorney in March 2006.

20. At all times herein, his work performance was satisfactory or better.

21. Defendant MORRIS DUFFY ALONSO & FALEY represents, inter alia, municipalities, and special districts, and is designated as insurance defense counsel for municipalities and special districts.

22. Defendant MORRIS DUFFY ALONSO & FALEY is also designated as counsel for insurance companies, including defendant UTICA NATIONAL INSURANCE COMPANY.

23. Upon information and belief, after receiving the First Notice of Claim, Judith Lockman, Director of the Syosset Public Library, directed Robert Glick, Esq., a Member of the Board of Trustees of the Syosset Public Library, to call plaintiff at his place of work.

24. On or about January 10, 2008, Glick phoned plaintiff and advised him to drop the First Notice of Claim and also stated that Glick knew the attorneys at MORRIS DUFFY ALONSO & FALEY and that it would be very bad for plaintiff to pursue the Notice of Claim.

25. On or about January 11, 2008, Glick made unsolicited phone calls to plaintiff at his workplace, further demanding that plaintiff discontinue the Notice of Claim.

26. Upon information and belief, Glick contacted Kevin Mahon, Esq., a partner at MORRIS DUFFY ALONSO & FALEY to further interfere with plaintiff's employment and demand that the First Notice of Claim be withdrawn.

27. During these conversations, Mr. Glick also disclosed information to a third party about plaintiff's confidential library records.

28. Betty Winkler is a Claims Examiner employed by defendant UTICA NATIONAL INSURANCE COMPANY.

29. On March 19, 2008, at the direction of defendant SYOSSET PUBLIC LIBRARY, and at the direction of her supervisor at UTICA MUTUAL INSURANCE COMPANY, Robin Nelson, Betty Winkler, also contacted partners of defendant MORRIS DUFFY ALONSO & FALEY to exert pressure on plaintiff to withdraw his First Notice of Claim.

30. At various times from March 19, 2008 through April

16, 2008, Faley, Alsono, and DeGennaro, partners of MORRIS DUFFY ALONSO & FALEY, demanded that plaintiff withdraw his Notice of Claim against defendant SYOSSET PUBLIC LIBRARY or he would be terminated.

31. Ultimately, plaintiff withdrew his First Notice of Claim, due to the threats regarding his employment.

32. On April 16, 2008, Andrea Alonso, Esq. directed plaintiff to sign a partial document which was apparently the signature page of a general release which would waive his claims against the defendant SYOSSET PUBLIC LIBRARY.

33. Plaintiff refused to sign this document.

34. Defendant MORRIS DUFFLY ALONSO & FALEY terminated plaintiff because he refused to sign the general release.

35. Subsequently, plaintiff filed the Second Notice of Claim.

36. Defendants, all acting under color of law, terminated plaintiff for the exercise of his First Amendment Rights, in violation of the First and Fourteenth Amendments to the United States Constitution, and are all liable under 42 U.S.C. Section 1983. This caused plaintiff to suffer economic and non-economic damages.

## COUNT II

37. Plaintiff repeats, realleges, and reincorporates each previous allegation as though fully set forth herein.

38. Defendants terminated plaintiff without due process of law, in violation of the Fourteenth Amendment to the United States Constitution. This causing plaintiff anxiety, stress, pain and suffering. This caused plaintiff to suffer economic and non-economic damages.

## COUNT III.

39. Plaintiff repeats, realleges, and reincorporates each previous allegation as though fully set forth herein.

40. Defendants SYOSSET PUBLIC LIBRARY and UTICA NATIONAL INSURANCE COMPANY intentionally interfered with plaintiff's business opportunity, causing his termination. This caused plaintiff to suffer economic and non-economic damages.

## COUNT IV.

41. Plaintiff repeats, realleges, and reincorporates each previous allegation as though fully set forth herein.

42. Defendants intentionally inflicted emotional

distress upon plaintiff. This caused plaintiff to suffer economic and non-economic damages.

## COUNT V.

43. Plaintiff repeats, realleges, and reincorporates each previous allegation as though fully set forth herein.

44. Defendants breached covenants of good faith and fair dealing regarding plaintiff's employment, causing his termination. This caused plaintiff to suffer economic and non-economic damages.

## COUNT VI.

45. Plaintiff repeats, realleges, and reincorporates each previous allegation as though fully set forth herein

46. Defendants, acting under color of law, also retaliated against plaintiff for the exercise of his rights to free speech under the New York State Constitution.

## JURY DEMAND

47. The plaintiff demands trial by jury.

WHEREFORE, the plaintiff demands judgment against the defendants and prays:

(a) That this court award the plaintiff backpay, pre-judgment interest, compensatory damages in the amount of $1 million, $5 million in punitive damages against the individual defendants, for each count of defendants' willful unlawful violation of plaintiff's constitutional rights;

(b) That this court award the plaintiff backpay, pre-judgment interest, compensatory damages in the amount of $1 million and punitive damages in the amount of $5 million for each count of defendants' willful unlawful violation of plaintiff's State common law rights;

(c) That this court award the plaintiff attorneys fees, disbursements, and costs pursuant to 42 U.S.C. Section 1988;

(d) That this court issue a declaratory judgment declaring that defendants violated plaintiff's constitutional rights;

(e) That this court issue a permanent injunction restraining defendants from further violating plaintiff's constitutional rights;

(f) That this court award the plaintiff such other and further relief as may be just and equitable.

Dated: Mineola, NY
March 19, 2009

Yours, etc.,

Raymond Nardo (RN 4773)
129 Third Street
Mineola, NY 11501
(516) 248-2121