UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSHUA BRINN,

                Plaintiff,

        -against-

SYOSSET PUBLIC LIBRARY, MORRIS
DUFFY ALONSO & FALEY, UTICA
NATIONAL INSURANCE COMPANY,
JUDITH LOCKMAN, Director of the
SYOSSET PUBLIC LIBRARY, in her
individual and professional capacity,
ROBERT GLICK, Trustee of the
SYOSSET PUBLIC LIBRARY, in his
individual and professional capacity,

                Defendants.
------------------------------------------------------X

**09-CV-1151(TCP)**

**MEMORANDUM
AND ORDER**

PLATT, District Judge.

      Before the Court are plaintiff Joshua Brinn's objections to Magistrate Judge Gary R. Brown's electronic Order dated January 25, 2013. Magistrate Judge Brown held that plaintiff's application to partially suppress a portion of plaintiff's deposition which waived his right to make corrections was moot based on defendants' representations that they accepted plaintiff's corrections.

      Plaintiff's objections are hereby overruled because defendants consented to accept his deposition corrections. He therefore ultimately obtained the relief sought, i.e., corrected deposition testimony. Accordingly, Magistrate Judge Brown's Order is affirmed.

## Background

      The parties' familiarity with the detailed facts of this case is presumed. Briefly, on or

about October 15, 2007, the Syosset Public Library's attorneys advised Joshua Brinn ("plaintiff") that defendant Judith Lockman, director of the library, had suspended his privileges to enter the library's premises or to borrow library materials for one year due to plaintiff's misconduct on four occasions from July 17, 2007 through September 29, 2007.[1]

On March 19, 2009, plaintiff filed a complaint naming the above captioned defendants. The complaint alleged that defendants, acting under color of state law, violated plaintiff's exercise of his First Amendment rights after he filed a Notice of Claim against defendant Syosset Public Library. Plaintiff also alleges that defendants violated his due process rights. Furthermore, plaintiff's complaint alleges that defendants Syosset Public Library and Utica National Insurance Company intentionally interfered with his business opportunity. Plaintiff also alleges that defendants intentionally inflicted emotional distress; breached the covenants of good faith and fair dealing regarding his employment; and, finally, retaliated against him for exercising his right to free speech under New York State's Constitution.

Defendants Syosset Public Library, Judith Lockman and Robert Glick ("library defendants") and defendant Utica National Insurance Company ("Utica") moved to dismiss plaintiff's complaint for failure to state a claim. Defendant Morris Duffy Alonso & Faley ("law firm") moved for judgment on the pleadings.

The library defendants' motion to dismiss was granted in part and denied in part. The law firm's motion for judgment on the pleadings was granted in part and denied in part. Utica's motion to dismiss was granted. Accordingly, what remains is plaintiff's First Amendment claim, intentional interference with business relations and New York State Constitution retaliation

---

1. The facts are taken from this Court's Memorandum and Order dated September 23, 2010 (DE 41).

claims against the library defendants. As to the law firm, plaintiff's First Amendment and New York State Constitution claims remain. All claims against Utica were dismissed.

By letter dated November 16, 2012 (DE 68), plaintiff moved before Magistrate Judge Brown to have a portion of his June 15, 2012 deposition suppressed. Specifically, plaintiff wanted that portion of the deposition waiving his right to make corrections quashed. In response, Thomas Catalano, Esq., of Lester Schwab Katz & Dwyer, LLP, attorney for the library defendants, advised Magistrate Judge Brown on behalf of his clients and on behalf of defendant law firm, that defendants consented to "accept late service of [plaintiff's] errata sheet" containing plaintiff's proposed deposition corrections. DE 69.

In light of Mr. Catalano's representation, Magistrate Judge Brown issued an electronic Order "finding as moot" plaintiff's motion to quash "[i]n light of defendants' consent . . . to plaintiff's application." DE dated Jan. 25, 2013. Before this Court are plaintiff's objections, brought pursuant to Federal Rule of Civil Procedure ("FRCP") 72(a), to Magistrate Judge Brown's ruling.

## Discussion

***Objections to a Magistrate Judge's Order***

Pursuant to FRCP 72(a), a party may serve and file objections to a magistrate judge's order on a nondispositive matter "within 14 days after being served with a copy" and thereafter, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." "An order is 'clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed,' and an order is 'contrary to law when it fails to

apply or misapplies relevant statutes, case law or rules of procedure.' " *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)).

***Plaintiff's Objections to Magistrate Judge Brown's Ruling***

Plaintiff objects to Magistrate Judge Brown's ruling which held moot plaintiff's motion to suppress the waiver to make corrections to his deposition. He argues that Magistrate Judge Brown's decision is clearly erroneous to the relief sought because his moving papers stated that certification was mistakenly waived and that he sought suppression of the waiver pursuant to FRCP 32(d)(4).[2] DE 74 p. 3. Once the waiver issue was cleared up, plaintiff indicated that he planned to serve the opposing lawyers with his corrections.

Plaintiff, however, already served his deposition corrections on the opposing attorneys when he made his suppression motion and both sets of attorneys indicated that they accepted the corrections. As a result, Magistrate Judge Brown held that plaintiff's motion to suppress the waiver was moot presumably because plaintiff's deposition corrections, the reason for quashing the correction waiver, were accepted by his opposition.

Given the foregoing, plaintiff was granted the relief he sought, i.e., correcting his deposition, irrespective of the existence of the waiver. Accordingly, Magistrate Judge Brown's ruling was neither contrary to law nor erroneous.

---

2. Federal Rule of Civil Procedure 32(d)(4) provides:

> An objection to how the officer transcribed the testimony--or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition--is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known.

**Conclusion**

For the foregoing reason, plaintiff's objections to Magistrate Judge Brown's electronic Order dated January 25, 2013 are overruled and the ruling is hereby affirmed. The library defendants are directed to serve a copy of this Order on plaintiff upon their receipt.

**SO ORDERED**.

Dated: June 28, 2013
      Central Islip, New York

/s/
Thomas C. Platt, U.S.D.J.