UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSHUA BRINN,

                Plaintiff,

        -against-

SYOSSET PUBLIC LIBRARY, MORRIS
DUFFY ALONSO & FALEY, UTICA
NATIONAL INSURANCE COMPANY,
JUDITH LOCKMAN, Director of the
SYOSSET PUBLIC LIBRARY, in her
individual and professional capacity,
ROBERT GLICK, Trustee of the
SYOSSET PUBLIC LIBRARY, in his
individual and professional capacity,

                Defendants.
------------------------------------------------------X

09-CV-1151(TCP)

**MEMORANDUM
AND ORDER**

PLATT, District Judge.

      Before the Court are Joshua Brinn's ("plaintiff") objections to Magistrate Gary R. Brown's electronic Order dated March 21, 2013. Magistrate Judge Brown held that plaintiff's application to compel his former attorney, Mark S. Moroknek, to appear in court and turn over plaintiff's complete file was moot based on the representations of Mr. Moroknek and of the library defendants. For the following reasons, plaintiff's objections are hereby overruled except to the extent set forth below.

## Background

      The parties' familiarity with the detailed facts of this case is presumed and only those facts necessary to decide the instant motion will be discussed. Plaintiff filed a complaint in this matter on March 19, 2009 alleging various causes of action against the above captioned

defendants after his library privileges were suspended for one year. Defendants Syosset Public Library, Judith Lockman and Robert Glick ("library defendants") and defendant Utica National Insurance Company ("Utica") moved to dismiss plaintiff's complaint for failure to state a claim. Defendant Morris Duffy Alonso & Faley ("law firm") moved for judgment on the pleadings. The library defendants' motion to dismiss was granted in part and denied in part. The law firm's motion for judgment on the pleadings was granted in part and denied in part. Utica's motion to dismiss was granted.

By electronic Order dated January 5, 2011, Magistrate Judge William D. Wall granted plaintiff's motion (DE 43) to substitute his original attorney, Raymond Nardo, for Mr. Moroknek. On March 21, 2011, plaintiff moved (DE 47) to vacate this Court's Order (DE 41) which granted Utica's motion to dismiss in its entirety and granted in part and denied in part the above named motions by the library and law firm defendants. Plaintiff also sought to amend his complaint.

By Memorandum and Order dated July 18, 2011 (DE 54), the Court denied plaintiff's motion to vacate its order and for leave to amend his complaint. Approximately three weeks later, by letter dated August 8, 2012, plaintiff sought to have Mr. Moroknek relieved as his attorney and asked that a temporary stay be granted while he sought new representation or decided whether to proceed *pro se*. DE 63. By electronic Order dated September 7, 2012, Magistrate Judge Brown, to whom the case was reassigned, granted plaintiff's motion to have Mr. Moroknek terminated as counsel. Magistrate Judge Brown also granted plaintiff's request to stay the case for sixty days. On November 7, 2012, plaintiff notified Magistrate Judge Brown of his intention to proceed *pro se*. DE 67.

By letter dated March 4, 2013, plaintiff moved before Magistrate Judge Brown to compel Mr. Moroknek to turn over the full case file. DE 79. By electronic Order dated March 7, 2013, Magistrate Judge Brown held that plaintiff's motion to compel was moot based on that Court's previous Order dated January 23, 2013 (DE 73), which "already directed plaintiff's former counsel 'to provide plaintiff with the entirety of the case file related to this matter within ten (10) days of plaintiff's full payment.' " DE Mar. 7, 2013.

Approximately one week later, plaintiff filed a letter in support of Mr. Moroknek "being compelled to come into court with a full file and handing it over to plaintiff there." DE 82 p. 1. Plaintiff contended that the file was missing deposition transcripts and that the file contained little pleadings, motions or discovery. *Id.* He requested that Mr. Moroknek be required to come to court with a complete file containing at least one certified deposition transcript from the six people deposed by Mr. Moroknek.

By letter dated March 18, 2013 (DE 83), Mr. Moroknek responded that he had turned over plaintiff's file in its entirety and that any deposition transcripts in his possession were provided to plaintiff. According to Mr. Moroknek, the only transcripts not given to plaintiff were those mailed to defense counsel for execution by the deposed witnesses.

On March 20, 2013, attorney for the library defendants, Thomas Catalano, wrote to Magistrate Judge Brown to clarify the status of the three library defendants' depositions. DE 84. Mr. Catalano also offered to, and in fact, did, send copies of the library defendants' depositions and exhibits to plaintiff via electronic mail. At plaintiff's request, Mr. Catalano also agreed to provide him with duplicate copies of the library defendants' responses and document production. Given the representations of counsel, Magistrate Judge Brown held that plaintiff's application to

compel was moot by electronic Order dated March 21, 2013. On April 4, 2013, plaintiff objected to Magistrate Judge Brown's Order pursuant to Federal Rule of Civil Procedure 72(a). DE 88.

**Discussion**

*Objections to a Magistrate Judge's Order*

Pursuant to FRCP 72(a), a party may serve and file objections to a magistrate judge's order on a nondispositive matter "within 14 days after being served with a copy" and thereafter, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." "An order is 'clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed,' and an order is 'contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.' " *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)).

*Plaintiff's Objections to the March 21, 2013 Order*

In support of his objections to Magistrate Judge Brown's ruling finding plaintiff's motion to compel moot, plaintiff contends that "the record shows there is no reasonable conclusion other than Mark Moroknek did not transfer a full file to the plaintiff." DE 88. He argues that Mr. Moroknek owes him the original executed deposition transcripts of six witnesses.

By letter dated April 9, 2013 (DE 83), Mr. Moroknek noted that Magistrate Judge Brown denied plaintiff's motion as moot based on the parties' representations of compliance with his January 23, 2013 Order. He argues that plaintiff is seeking transcripts that do not exist.

With respect to the library defendants, Mr. Catalano submitted a declaration stating: "The

original, executed transcripts of Judith Lockman, Robert Glick, and Benjamin Truncale, were sent to Mr. Brinn under cover of letters dated March 13, 22, and 29, 2013." DE 89 ¶ 3. The letters were attached as Exhibit A to his declaration. Plaintiff has not objected to the declaration.

Thus, given the foregoing, plaintiff's objections to Magistrate Judge Brown's Order finding his motion to compel moot are overruled except to the extent that there is no evidence in the record that Peter Contini, Esq., of L'Abbate Balkan Colavita & Contini turned over the executed original transcripts for his clients Andrea Alonso, Kevin Faley and Kevin Mahon. Mr. Contini is directed to mail said executed deposition transcripts to plaintiff within fifteen days of the filing of this Order. If the transcripts cannot be delivered within that time frame, Mr. Contini is to so advise this Court in writing.

Accordingly, Magistrate Judge Brown's March 21, 2013 Order denying plaintiff's application to compel as moot is hereby affirmed except to the extent indicated above. The library defendants are directed to serve a copy of this Order on plaintiff upon their receipt.

**SO ORDERED**.

Dated: July 8, 2013
      Central Islip, New York

                                                      /s/
                                      Thomas C. Platt, U.S.D.J.