UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSHUA BRINN,

              Plaintiff,

       -against-

SYOSSET PUBLIC LIBRARY, MORRIS
DUFFY ALONSO & FALEY, UTICA
NATIONAL INSURANCE COMPANY,
JUDITH LOCKMAN, Director of the
SYOSSET PUBLIC LIBRARY, in her
individual and professional capacity,
ROBERT GLICK, Trustee of the
SYOSSET PUBLIC LIBRARY, in his
individual and professional capacity,

              Defendants.
------------------------------------------------------X

**09-CV-1151(TCP)**

**MEMORANDUM
AND ORDER**

PLATT, District Judge.

    Before the Court is Joshua Brinn's ("plaintiff") motion for reconsideration of this Court's Order (DE 129) affirming Magistrate Judge Gary R. Brown's electronic Order dated January 25, 2013. For the following reasons, plaintiff's motion is **DENIED**.

## Background

    By letter dated November 16, 2012 (DE 68), plaintiff moved before Magistrate Judge Brown for an order suppressing that portion of his deposition which waived his right to make corrections to his testimony. By letter dated November 26, 2012 (DE 69), the remaining defendants in this case filed a letter indicating their joint consent to accept plaintiff's deposition errata sheet with his corrections. On January 25, 2013, Judge Brown issued an electronic Order holding that plaintiff's motion to quash was moot based on defendants' representations.

Plaintiff appealed Magistrate Judge Brown's Order on February 8, 2013 (DE 74). Before this Court, plaintiff argued that the Magistrate Judge's ruling was clearly erroneous to the relief sought because he wanted his waiver suppressed pursuant to Federal Rule of Civil Procedure ("FRCP") 32(d)(4),[1] but Magistrate Judge Brown held that his motion was moot. This Court affirmed Magistrate Judge Brown's ruling on the ground that plaintiff obtained the relief sought, i.e., defendants consented to accept his errata sheet containing his corrections (DE 129).

## Discussion

### *Legal Standard for Reconsideration*

"The threshold for prevailing on a motion for reconsideration is high." *Nakshin v. Holder*, No. 19 Civ. 1676, 2010 WL 92776, at *1 (2d Cir. Jan. 12, 2010). Accordingly, reconsideration of a " 'previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.' " *In re Health Management Systems, Inc.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc. v. Nu-Cape Construction, Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y. 1990); *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)).

---

1. Federal Rule of Civil Procedure 32(d)(4) provides:

> An objection to how the officer transcribed the testimony--or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition--is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known.

Furthermore, a motion for reconsideration is not a vehicle to reargue "those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). "Moreover, the parties 'may not address facts, issues or arguments not previously presented to the Court,' *U.S. Titan v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (citations omitted), because a motion to reconsider should never act 'as a substitute for appealing from a final judgment.' " *Orlik v. Dutchess County*, No. 08 Civ. 1316, 2010 WL 1379776, at *2 (S.D.N.Y. Mar. 25, 2010) (quoting *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 170 F.R.D. 111, 113 (S.D.N.Y. 1997) (citation omitted)). *See In re Worldcom, Inc. Securities Litigation*, 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004) ("A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision."). Reconsideration, therefore, "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

*Plaintiff's Motion for Reconsideration*

Plaintiff now moves for reconsideration of this Court's Order on the grounds that he meets the requirements of FRCP 32(d)(4). DE 133. He argues that the only way the issue can be resolved is for the Court to suppress his waiver, irrespective of defendants' consent. He contends that the plain language of Rule 32(d)(4) seems to rule out consent.

Plaintiff, however, raised these exact arguments in his original objections to Magistrate Judge Brown's ruling. In other words, plaintiff seeks to relitigate this issue because he is dissatisfied with the Court's previous ruling. He does not point out new law or facts that the

Court overlooked. Accordingly, reconsideration may not be granted on these grounds.

With respect to plaintiff's reliance on FRCP 32(d)(4), nothing in the language of the rule commands that a waiver be suppressed upon motion. The rule merely states that objections to the way a deposition is transcribed must be made promptly once the error is known or could have been known with reasonable diligence.

Because plaintiff has not presented new law or arguments that the Court overlooked in its original Order, his motion for reconsideration is hereby **DENIED**. The library defendants are directed to serve a copy of this Order on plaintiff upon their receipt.

**SO ORDERED**.

Dated: October 23, 2013
       Central Islip, New York

                                                  /s/
                                      Thomas C. Platt, U.S.D.J.